UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


FIREHOUSE GALLERY, LLC,
a Florida Limited Liability Co.,

    Plaintiff,

                                                  CASE NO.8:09-CV-698-T-17-MAP

v.

ERIK J. PHILLIPS,
an individual resident of Georgia,

    Defendant.
_____/

## ORDER ON DEFENDANT ERIC PHILLIPS'S MOTION TO DISMISS AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF

THIS CAUSE is before the Court on Defendant, Eric Phillips' ("Phillips"), Motion to Dismiss Amended Complaint (Dkt. 9), and response thereto (Dkt. 10) filed by the Plaintiff, Firehouse Gallery, LLC ("Firehouse"). For the reasons set forth below, Phillips' motion regarding Count I is **DENIED** and regarding Count II **GRANTED WITH LEAVE TO AMEND.**

## PROCEDURAL BACKGROUND

On April 14, 2009, Firehouse filed a complaint against Phillips and GnB, LLC (Dkt. 1) in the United States District Court for the Middle District of Florida. Firehouse's complaint contained seven (7) counts. On July 7, 2009, Phillips and

GnB, LLC filed a motion to dismiss (Dkt. 5). On August 13, 2009, Firehouse filed both, a response and memorandum in support (Dkt. 6) and an amended complaint (Dkt. 7). The amended complaint contained two (2) counts and GnB, LLC was terminated as a defendant (Dkt. 7).

Count I alleges common law fraud against Phillips. *Id.* Firehouse alleges that it reasonably relied upon the false misrepresentations by Phillips when deciding to become an equity investor in a joint business venture to utilize the name candles.com. *Id.* Firehouse alleges Phillips misrepresented: (1) the number of offers and the purchase prices Phillips received regarding the purchase of domain name candles.com; (2) the ownership rights regarding the domain name candles.com; (3) the amount of domain names Phillips personally owns; (4) his qualifications in Internet retailing, generally, and Internet retailing, specifically as it relates to candles and candle products; (5) his business affiliates and ability to cross-link Internet sites; and (6) the amount of revenue candles.com is capable of acquiring due to its' gTLD domain name. *Id.*

Regarding the first misrepresentation, Firehouse alleges that the represented purchase price is false given that this price would place candles.com within the highest category of domain names sold during the ".com bust" of the late nineties. *Id.* Firehouse posits a sales price of $200,000.00 or less as reasonable. *Id.*

Regarding the second misrepresentation, Firehouse alleges that while Phillips owns several domain names, he had no interest in transferring those names to Newco, which was the LLC Firehouse and Phillips contemplated creating to utilize candles.com. *Id.* On February 6, 2007 GnB was formed as the entity described and contemplated as Newco. *Id.*

Furthermore, Firehouse asserts Phillips had no experience in Internet retailing, Phillips had no affiliation agreement with third parties, and the expected revenue is a tiny portion of the millions Philips represented. *Id.*

Count II alleges common law conversion. *Id.* Firehouse asserts that GnB[1] is entitled to the domain names Phillips owns per paragraph five (5) of the February 20, 2007 Agreement. *Id.* Firehouse further asserts that Phillips refused to turn over the domain names to GnB. *Id.* As a result, Phillips has generated income from the sale of candle products while using the domain names and personally retained the profits which damaged Firehouse. *Id.*

On August 26, 2009, Phillips filed a Motion to Dismiss Amended Complaint and Memorandum in Support Thereof (Dkt. 9). Regarding Count I, fraud, Phillips argues that Firehouse was never misled by Phillips because Firehouse never dealt with Phillips[2]. *Id.* Further, Phillips argues that Firehouse

---
[1] GnB is a Delaware LLC in which Firehouse received 50% interest in exchange for $500,000.00. (Dkt. 7).
[2] Firehouse asserts in its complaint (1) Hove and Schifino are 50/50 owners in Firehouse, and (2) Schifino assigned to Firehouse his rights under the February 20, 2007 agreement and "any claims, causes of action, actions, suits and proceedings which [Schifino] has or may have against either or both Wicks End or Phillips." (Dkt. 7).

failed to allege time and place regarding the fraud claim, and thus, Firehouse failed to meet the heightened pleading standard of Fed. R. Civ. P. 9(b). *Id.*

Regarding Count II, conversion, Phillips argues: (1) the conversion claim belongs to GnB making it a derivative claim, and (2) Firehouse must allege demand futility in order to bring a derivative claim on behalf of GnB. *Id.* Therefore, Firehouse has not properly pled the derivative claim under Fed. R. Civ. P. 23.1. *Id.*

Finally, Phillips requests this amended complaint be dismissed or stayed in favor of the previously filed Delaware action. *Id.* Phillips filed suit against Firehouse, Schifino and Hove in Delaware's Court of Chancery and argues that Firehouse filed this claim to avoid accountability in the state court suit. *Id.*

On September 9, 2009, Firehouse filed a response to Defendant's Motion to Dismiss Amended Complaint (Dkt. 10). In the response, Firehouse argues that the case law relied upon by Phillips is "misplaced" and that the amended complaint alleges with specificity the relevant facts needed to plead common law fraud. *Id.* Firehouse conceded that it did not plead demand futility and further argues such pleading unnecessary based upon the procedural posture of the case. *Id.* Counsel for Phillips is the same counsel for GnB and Phillips asserts control over GnB in his complaint in the state court suit. *Id.* Therefore, Firehouse submits that demand futility is self-evident. *Id.* Regarding Phillips' request to stay the action in favor of

the state court suit, Firehouse argues that Phillips waived this right when Phillips failed to assert dismissal for lack of personal jurisdiction and failed to challenge venue. *Id.*

## Standard of Review

Any defendant to a complaint may move to dismiss under Rule 12(b)(6) for "failure to state a claim on which relief can be granted." See Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of circumstances that would entitle him to relief. *Am. Ass'n of People with Disabilities v. Smith,* 227 F.Supp.2d 1276, 1280 (M.D. Fla. 2002). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985). While a court is authorized to dismiss a complaint on the basis of a dispositive issue of law, a complaint should not be dismissed unless it appears beyond all doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536, 1539 (11th Cir. 1991). A trial court is required to view the complaint in the light most favorable to the plaintiff. *Illinois, ex rel. Madigan v. Telemarketing Associates, Inc.* 538 U.S. 600, 618 (2003). At this stage of litigation, a court must accept the plaintiff's allegations as true and

dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Id.*

## Discussion

**I. Fraud**

Regarding the motion to dismiss Count I of the complaint, Phillips asserts that Firehouse failed to allege time and place regarding the fraud claim, and, thus, Firehouse failed to meet the heightened pleading standard of Fed. R. Civ. P. 9(b). (Dkt. 9). Phillips argues that Firehouse was never misled by Phillips because Firehouse never dealt with Phillips[3]. *Id.* The Court disagrees with both positions.

Ordinarily, the pleading standard requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, Fed. R. Civ. P. 9(b) imposes a heightened pleading standard when alleging fraud. This rule requires a party to state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). Aligned with the Eleventh Circuit, this Court deems Rule 9(b) satisfied when the complaint posits:

> (1) precisely what statements were made in what documents or oral representation or what omissions were made, and (2) the time and

---

[3] Firehouse asserts in its complaint (1) Hove and Schifino are 50/50 owners in Firehouse, and (2) Schifino assigned to Firehouse his rights under the February 20, 2007 agreement and "any claims, causes of action, actions, suits and proceedings which [Schifino] has or may have against either or both Wicks End or Phillips." In viewing these facts in a light most favorable to Firehouse, the Court concludes that a business relationship existed between Phillips and Firehouse.

> place of each statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Mizzaro v. Home Depot, Inc.* 544 F.3d 1230, 1237 (11th Cir. 2008). The purpose of this heightened pleading standard is to alert the defendant of the misconduct and avoid learning all the facts through discovery. *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985); *United States v. McInteer*, 470 F.3d 1350, 1357 (11th Cir.). However, this heightened rule must not be read to abrogate the general pleading standard requiring a "short and plain statement." *Fiedlander*, 755 F.2d at 813. When determining a motion to dismiss, the broader policy of "notice pleading" must be harmonized with the specificity required in rule 9(b). *Id.* Whether the complaint alleged fraud with particularity is determined on a case-by-case basis. *McInteer*, 470 F. 3d at 1357. The Court is obliged under case law, at this stage in the litigation, to accept all facts alleged by Plaintiff, in his complaint, as true. *Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984).

Firehouse satisfied the elements required to plead fraud with particularity. The complaint must state (1) precisely what statements were made and the form of the statement, either written or oral and (2) the time, place, and person responsible for making the statements. *Mizzaro,* 544 F.3d at 1237. In the Amended Complaint, Firehouse alleges that in "late 2006" Shifino, Phillips, and Hove were all introduced to another. (Dkt. 7). Then, Phillips solicited Schifino and Hove to

become equity investors when Phillips expressly misrepresented (1) the number of offers and the purchase prices Phillips received regarding the purchase of domain name candles.com; (2) the ownership rights regarding the domain name candles.com; (3) the amount of domain names Phillips personally owns; (4) his qualifications in Internet retailing, generally, and Internet retailing, specifically as it relates to candles and candle products; (5) his business affiliates and ability to cross-link Internet sites; and (6) the amount of revenue candles.com is capable of acquiring due to its' gTLD domain name. Firehouse referenced exhibits where applicable when listing the six misrepresentations above and the time frame and person responsible for the misrepresentations. *Id.* Therefore, Firehouse properly pled the first two elements rule 9(b).

Furthermore, Phillips explained in detail how these misrepresentations were misleading. The third element requires the complaint to state how the statements were misleading. *Mizzaro,* 544 F.3d at 1237. Regarding the first misrepresentation, Firehouse alleges that the represented purchase price is false given that this price would place candles.com within the highest category of domain names sold during the ".com bust" of the late nineties. *Id.* Firehouse posits a sales price of $200,000.00 or less as reasonable. *Id.* Regarding the second misrepresentation, Firehouse alleges that while Phillips owns several domain names, he had no interest in transferring those names to Newco, the LLC

Firehouse and Phillips contemplated creating to utilize candles.com. *Id.* Furthermore, Firehouse asserts Phillips had no experience in Internet retailing, Phillips had no affiliation agreement with third parties, and the expected revenue is a tiny portion of the millions Philips represented. *Id.* Therefore, Firehouse properly pled the third element of rule 9(b) by explaining how the statements were misleading.

Finally, Firehouse specifically alleged how Phillips was enriched and, thus, damaged Firehouse. The fourth element requires the complaint to state what the defendant obtained as a result of the fraud. *Mizzaro,* 544 F.3d at 1237. By utilizing the domain names and personally retaining the profits, while refusing to return any money to Firehouse, Phillips was enriched while Firehouse was damaged. *Id.* Therefore, Firehouse properly pled the fourth element of rule 9(b) by explaining what the defendant obtained as a result of the misrepresentations.

**II. Conversion**

Regarding the motion to dismiss Count II of the complaint, Phillips argues that (1) the conversion claim belongs to GnB making it a derivative claim, and (2) Firehouse must allege demand futility in order to bring a derivative claim on behalf GnB. (Dkt. 9). Therefore, Firehouse has not properly pled the derivative claim under Fed. R. Civ. P. 23.1. The Court concurs. Count II alleges common

law conversion. (Dkt. 7). Firehouse asserts that GnB is entitled to the domain names Phillips owns per paragraph five (5) of the February 20, 2007 Agreement. *Id.* Firehouse further asserts that Phillips refused to turn over the domain names to GnB. *Id.* As a result, Phillips has generated income from the sale of candle products while using the domain names and personally retaining the profits which damaged Firehouse.

The cause of action alleged in Count II of the complaint, common law conversion, is a cause of action belonging to the limited liability company, GnB, and, thus, Firehouse must make a demand on the members of the LLC or explain why such demand is futile prior to bringing suit on behalf of the LLC regarding common law conversion of assets belonging GnB. *See* Fed. R. Civ. P. Rule 23.1; *Kamen v. Kemper Fin. Servis.. Inc.* 500 U.S. 90, 95 (1991). According to Fed. R. Civ. P. Rule 23.1, a shareholder seeking to maintain a derivative action is required to allege with particularity in the complaint "either a pre-suit demand to the corporation's board of directors or forbearance of the demand because of futility." *Story v. Kang*, 2006 WL 163078, *1 (M.D. Fla. 2006). "A pre-suit demand may be excused by a proper pleading of demand futility." *McCabe v. Foley*, 424 F.Supp.2d 1315, 1319 (M.D. Fla. 2006). The plaintiff must plead "with particularity" why a demand was not made, when the shareholder plaintiff posits demand futility. *Id.* "This rule is an exception to the traditional and less stringent

requirement of notice pleadings, normally required to withstand a Rule 12(b)6 motion to dismiss. *Id.* Delaware law properly governs this Court's analysis as to the adequacy of the pleading. *Id.*; *Kamen,* 500 U.S. at 96; *McCabe,* 424 F.Supp.2d at 1319.

Under Delaware law, a complaint must adequately state "particularized factual allegations" which establish that a majority of the directors cannot exercise business judgment due to their personal interest in the suit. *McCable*, 424 F.Supp.2d at 1320,1321. "Demand will be excused if, under the particularized facts allege in satisfaction of Rule 23.1, a reasonable doubt exists that a majority of the directors are disinterested and independent." *Id.* When a director receives a personal financial benefit from the transaction that is not realized by the other stockholders, he or she is classified as interested and dependent. *Id.* While this case involves an LLC, such a business organization is analogous to a corporation. The members of GnB are analogous to a corporation's board of directors as the members manage the LLC just like the board of directors manages the corporation. GnB is comprised of two members, Firehouse and Phillips, who own the LLC equally. Therefore, Firehouse need only show that Phillips was an interested member or lacked independence in order to plead demand futility.

In Firehouse's response to Phillips motion to dismiss, Firehouse concedes that it did not plead demand futility. (Dkt. 10). While Phillips requests this Court

to discern from the face of the record demand futility, the Court refuses. Delaware law requires demand futility to be plead with "particularized factual allegations." Therefore, Firehouse has not properly pled the derivative claim under Fed. R. Civ. P. 23.1.

## Conclusion

Firehouse's complaint properly pled Count I under Fed. R. Civ. P. 9(b). However, Firehouse's complaint did not properly plead Count II under Fed. R. Civ. P. 23.1. Accordingly, it is

**ORDERED** that Phillip's Motion to Dismiss Amended Complaint and Memorandum in Support Thereof (Dkt. 9) is **DENIED** as to Count I and **GRANTED WITH LEAVE TO AMEND** as to Count II. The Plaintiff has ten (10) days from this date to amend the complaint and the answer to the amended complaint shall be filed within ten (10) days of the docketing of the new complaint.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 19th day of November 2009.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.